IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KARL LYNN McGEE<br>　(aka Karl Shackelford) | § | |
| v. | § | CIVIL ACTION NO. 6:23cv205 |
| OFFICER HAYDEN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Karl McGee, also known as Karl Shackelford, proceeding *pro se*, filed this civil rights lawsuit in the Northern District of Texas under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Plaintiff's Complaint**

Plaintiff states that on February 3, 2023, he was arrested for violating an emergency protective order when he drove up to Lindsey Park in Tyler to use the restroom when the park was closed. He advised the police officer that he had an affidavit of non-prosecution, but was told that the judge would have to sign off on it.

In what appears to be a different arrest, Plaintiff states that on or around February 23, 2023, he went to Lindale, Texas to visit a person named Tony McGee. They left there and went to an address in Flint, Texas. He was leaving there when he was pulled over by a Smith County sheriff's deputy. The deputy placed him under arrest and took him to jail on charges of family violence.

Plaintiff attaches a copy of a "request for magistrate's emergency protective order," dated February 3, 2023, signed by Deputy B. Hayden, asking that Plaintiff be prohibited from committing family violence, stalking, or communicating in a threatening manner with two named persons, Vickey Seaton-Nolen and Victoria Seaton, or from going within 200 yards of the address in Flint.

Plaintiff next attaches a copy of the order signed by the justice of the peace on February 4 granting the request for an emergency protective order, and a statutory warning, signed by Plaintiff, advising him of the penalties for violating the protective order. (Docket no. 2, pp. 11-16). Plaintiff also attaches a copy of a purported "affidavit of non-prosecution," written in his handwriting, saying "I Vickey Seaton-Nolen Victory [sic] Seaton has not been threaten [sic] to sign this non-prosecution for on sight warrant dated 2-5-2023 for Karl Lynn McGee aka Karl Lynn Shackelford." The affidavit is dated February 13, 2023, and signed in a different handwriting reading "Vickey Seaton-Nolen."

For relief, Plaintiff asks for a Spears hearing, waiver of the filing fee, a writ of habeas corpus, expungement of the family violence and protection order, dismissal and expunging of the charges against him, and monetary compensation.

## II. Discussion

The Plaintiff Karl McGee, under his alternate name of Karl Shackelford, has a long history of filing meritless cases. Court records show that the Northern District of Texas has sanctioned him in the amount of $100.00 in three separate and consecutive cases and barred him from filing any more cases until this sanction is satisfied. *Shackelford v. Thaler*, civil action no. 2:10cv249 (N.D.Tex., dismissed January 10, 2011); *Shackelford v. Thaler*, civil action no. 2:10cv250 (N.D.Tex., dismissed January 10, 2011); *Shackelford v. Thaler*, civil action no. 2:10cv251 (N.D.Tex., dismissed January 10, 2011). The Eastern District of Texas honors sanctions imposed by other federal district courts in the State of Texas. General Order No. 94-6 (E.D.Tex., February 2, 1994); *Balawajder v. Scott*, 160 F.3d 1066, 1068 (5th Cir. 1998) (district court does not abuse its discretion in honoring sanctions imposed by other district courts).

In addition, this Court has sanctioned Plaintiff an additional $100.00 and also barred him from filing any further cases until the sanctions imposed upon him are satisfied. *Shackelford v. Jenkins, et al.*, civil action no. 6:12cv923 (E.D.Tex., January 11, 2013, appeal dismissed). None of the above sanctions have been satisfied, and Plaintiff's lawsuit may be dismissed on this basis.

RECOMMENDATION

It is accordingly recommended that the above-styled lawsuit be dismissed with prejudice as to the refiling of another civil action raising the same claims as herein presented, but without prejudice as to its refiling upon showing proof of satisfaction of all sanctions imposed upon Plaintiff in any federal court which may have done so, including but not limited to the Northern and Eastern Districts of Texas.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 31st day of May, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE